IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT WEBB, JR., <br><br> Plaintiff pro se, <br><br> v. <br><br> JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, ISAOA; ONEWEST BANK, F.S.B., ISAOA; MERSCORP, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MCCURDY & CANDLER, L.L.C.; ANTHONY DEMARLO; and UNKNOWN OWNERS OF THE EVIDENCE OF THE DEBT AND/OR OWNERS OF THE NOTE, <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. 1:10-CV-1561-TCB |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff pro se Robert Webb Jr.'s application to proceed in forma pauperis ("IFP") [1], and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2). After consideration of his affidavit of indigence[1], the Court **GRANTS** plaintiff's Motion to Proceed IFP. Plaintiff shall be allowed to proceed without prepayment of filing fees or docket costs. However, process will not issue at this time. Upon review of the Complaint [1-2], the

undersigned **REPORTS** that this cases is frivolous and improperly before the Court and, therefore, **RECOMMENDS** that the Court **DISMISS** this case **WITHOUT PREJUDICE**.

## I. THE COMPLAINT

On May 10, 2007, plaintiff obtained a mortgage loan from non-party Indymac Bank in the amount of $96,800.00, secured by the property located at 198 Peachtree Court, Riverdale, Georgia. (Compl. ¶¶ 7, 35, 43.)[1] The security deed stated that defendant Mortgage Electronic Registration Systems, Inc. ("MERS") was the grantee and acting solely as the nominee for the lender and the lender's successors and assigns. (Id. ¶¶ 43, 47.)

Plaintiff alleges that all defendants participated in a conspiracy to cause him to enter into instruments that would result in foreclosure on his property, thereby unjustly enriching defendants. (Compl. ¶ 99.) Indymac Bank and its successors, "with their greater experience, knew that the loans were unaffordable and would go into default." (Id. ¶ 41.) Plaintiff further alleges that, because a search of the Clayton County property records revealed no assignment of the mortgage, defendant

---

[1] Defendant OneWest Bank, F.S.B. acquired Indymac Bank's assets and liabilities. (Compl. ¶ 16.)

2

JPMorgan Chase Bank is not a real party in interest and has no right to foreclose on the property. (Id. ¶¶ 8-9, 84-86.) Plaintiff contends that MERS, as the beneficiary or nominee for his lender, is the only entity that may rightfully foreclose on the property. (Id. ¶¶ 102-104.) The Complaint sets forth ten causes of action (Compl. ¶¶ 105-192), which are discussed below.

## II. DISCUSSION

"[A]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit [averring] . . . that the person is unable to pay such fees or give security therefore." 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(e)(2), however, a federal court is required to dismiss an in forma pauperis complaint if, at any time, the court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. Dismissal under that provision, however, does not "prejudice the filing of a paid complaint making the same allegations." Denton v. Hernandez, 504 U.S. 25, 34, 112 S. Ct. 1728, 1734 (1992). "[A] litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989).

A complaint is deemed frivolous if the Court finds that it lacks arguable basis in law or fact. Neitzke, 490 U.S. at 325, 109 S. Ct. at 1831-32. "In accordance with 28 U.S.C. § 1915, the Court will first examine the Plaintiff's Complaint, in its entirety, to determine whether an action should proceed based on the validity of the claim. The Court considers that the Plaintiff is proceeding pro se and therefore, reviews the Complaint with a less stringent standard than those Complaints written by attorneys." Monacelli v. Florida, No. 2:08-cv-397-FtM-99SPC, 2008 WL 4165486, at *2 (M.D. Fla. Sept. 5, 2008) (citing Trawinski v. United Technologies, 313 F.3d 1295 (11th Cir. 2002)).

Although Fed. R. Civ. P. 8(a)(2) only requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). The claim must include well-pled factual allegations, which if true, "plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1950 (2009). "[T]he rule 'does not impose a probability requirement at the pleading stage,' but

4

instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 556, 127 S. Ct. at 1965). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. ___, 129 S. Ct. at 1949; see also Harrison v. Benchmark Elecs. Huntsville, Inc., 593 F.3d 1206, 1214 (11th Cir. 2010) (applying Twombly and Iqbal).

Three of the ten counts in the Complaint allege violations of federal law. In Count One, plaintiff alleges a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635. (Compl. ¶¶ 105-108.) However, plaintiff filed this action on May 21, 2010, more than three years after he entered the mortgage transaction on May 10, 2007, and the Complaint sets forth no grounds for tolling the limitations period. Thus, that claim is barred by the applicable statute of limitations. See 15 U.S.C. § 1635(f) ("right of rescission shall expire three years after the date of consummation of the transaction . . . notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor"); id. § 1640(e) (one-year statute of limitations for damages actions); Beach v. Ocwen Fed. Bank, 523 U.S. 410, 417-19, 118 S. Ct.

5

1408, 1412-13 (1998) (noting "1-year limitation provision on damages actions" and holding "that the Act permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run."); see also Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003) (affirming dismissal where "noncompliance with the statute of limitations is apparent on the face of the complaint").

In Count Three, plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Compl. ¶¶ 117-121.) However, enforcement of a mortgage through a foreclosure process is not a debt collection activity for purposes of the FDCPA. See Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 461 (11th Cir. 2009). Thus, plaintiff's Count Three fails to state a claim and should be dismissed.

In Count Four, plaintiff alleges violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. (Compl. ¶¶ 122-135.) However, because the alleged violations occurred in conjunction with plaintiff's May 10, 2007 mortgage loan, plaintiff's RESPA claims are time-barred and should be dismissed. See 12 U.S.C. § 2614 (stating that actions pursuant to § 2605 have three-

6

year statute of limitations, and actions pursuant to §§ 2607 and 2608 have one-year statute of limitations).

The remaining seven counts allege violations of state law or seek injunctive relief.[2] Therefore, the Court does not retain subject matter jurisdiction based on a federal question. See 28 U.S.C. § 1331. Diversity of citizenship does not provide an independent basis for subject matter jurisdiction, given the lack of complete diversity between the parties. See 28 U.S.C. § 1332. Thus, the Court's only basis for subject matter jurisdiction over plaintiff's state law claims is supplemental jurisdiction under 28 U.S.C. § 1367.

Although dismissal of plaintiff's federal question claims "does not deprive the Court of supplemental jurisdiction over the remaining state law claims . . . under 28 U.S.C. § 1367(c), the Court has the discretion to decline to exercise supplemental jurisdiction over non-diverse state law claims, where the Court has dismissed all claims over which it had original jurisdiction." Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997). In exercising that discretion, "the

---

[2] Plaintiff's remaining causes of action include quiet title (Compl. ¶¶ 109-116), conspiracy to commit fraud and conversion (id. ¶¶ 136-147), conspiracy to commit fraud (id. ¶¶ 148-166), unjust enrichment (id. ¶¶ 167-175), fraud in the inducement (id. ¶¶ 176-183), a request for injunctive relief (id. ¶¶ 184-187), and a request for declaratory relief (id. ¶¶ 188-192).

7

court also can consider other factors. Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." Id. at 1353 (citations omitted); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139 (1966) (justification for pendent jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims").

Here, the state courts are the proper forum for resolution of plaintiff's state law claims. See L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984) ("if the federal claims are dismissed prior to trial, Gibbs strongly encourages or even requires dismissal of state claims."). Accordingly, the Court should dismiss those claims without prejudice.

In sum, the Court concludes that plaintiff's federal law claims either are time-barred or fail to state a claim upon which relief can be granted. Consequently, the instant Complaint is frivolous and the Court recommends that it be dismissed under § 1915(e)(2)(B)(ii).

### III. CONCLUSION

The Court **GRANTS** plaintiff's motion to proceed in forma pauperis.

The Court **RECOMMENDS** that the instant action be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2).

**SO ORDERED AND RECOMMENDED**, this 3rd day of June, 2010.

*Walter E. Johnson*
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

9